115 T.C. No. 20


UNITED STATES TAX COURT


CHURCHILL DOWNS, INC. AND SUBSIDIARIES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8140-99.                    Filed September 26, 2000.


        P conducts horse races, including the Kentucky
Derby, at its facilities.  The races produce revenues
through pari-mutuel wagering (including simulcast pari-
mutuel wagering), admissions and seating, concession
commissions, sponsorship revenues, licensing rights,
and broadcast fees.  P's largest source of revenues is
wagers placed on horse races.  P incurred entertainment
expenses that were ordinary and necessary expenses
under sec. 162, I.R.C.  The expenses at issue included
P's cost of holding the Sport of Kings Gala, a brunch
following the post position drawing for the Derby race,
a week-long, hospitality tent for the press, Kentucky
Derby Winner's Party, Breeders' Cup press-reception
cocktail party and dinner, and the Breeders' Cup press
breakfast.

        P deducted the full amount of expenses incurred in
holding the above events.  R determined the expenses
were only partially deductible pursuant to sec. 274(n),
I.R.C.

Held:  P's claimed deductions are limited by sec. 274(n)(1), I.R.C., as determined by R.

Held, further:  In incurring the expenses at issue P neither provided goods and services to the general public nor received adequate and full consideration for the goods and services provided.  Therefore, P's expenses are not excluded from the operation of sec. 274(n)(1) by sec. 274(n)(2) or (e)(7) or (8), I.R.C.

Paul J. Cox, for petitioners.

Andrew M. Winkler, for respondent.

OPINION

LARO, Judge:  This case is before the Court fully stipulated.  See Rule 122.[1]  Respondent determined deficiencies in petitioners' 1994 and 1995 Federal income tax of $51,872 and $20,658, respectively.  The sole issue we must decide[2] is whether petitioners' claimed deductions for expenses for parties and other entertainment are limited by section 274(n)(1).  We hold they are.  The stipulation of facts and the attached exhibits are incorporated herein.  The stipulated facts are hereby found.

Background

Petitioners are corporations which file a consolidated

---

[1] Rule references are to the Tax Court Rules of Practice and Procedure.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue.

[2] The parties had settled all other outstanding issues before the case was submitted.

Federal corporate income tax return. When the petition was filed, petitioners' principal place of business was located in Louisville, Kentucky. Petitioners own the Churchill Downs racetrack in Louisville, Kentucky, and three other race tracks.

Petitioners conduct live horse races, including the Kentucky Derby, at their facilities. The races produce revenues through pari-mutuel wagering (including simulcast pari-mutuel wagering), admissions and seating, concession commissions, sponsorship revenues, licensing rights, and broadcast fees. The main source of petitioners' revenues is wagers placed on horse races.

Petitioners do not directly compete with other racetracks for local patrons because of the separation of facilities and the differences in the seasonal timing of meets. However, petitioners operate in a highly competitive industry. They compete for patrons with other sports, entertainment, and gaming operations, including land-based, riverboat, and cruise ship casinos and State lotteries.

Petitioners' biggest race is the Kentucky Derby. The Kentucky Derby is held each year on the first Saturday in May. Petitioners' Kentucky Derby events include: The Sport of Kings Gala, a brunch following the post position drawing for the Derby race, a week long hospitality tent with coffee, orange juice, and donuts for the press open from 4 a.m. to 9 a.m., the Derby race, and the Kentucky Derby Winner's Party.

The Sport of Kings Gala includes a press-reception cocktail party followed by a dinner and entertainment on the Thursday evening of Derby week. The costs of the Sport of Kings Gala, including those for food, beverages, and entertainment, are borne by petitioners. Petitioners' employees were in attendance at the Sport of Kings Gala in 1994 and in 1995. In 1994, the Sport of Kings Gala was held at the Sports Spectrum, an off-track betting facility located in Louisville, Kentucky, and owned by petitioners. In 1995, the Sport of Kings Gala was held at the Kentucky State Fair and Exposition Center in Louisville, Kentucky.

The Breeders' Cup race rotates among several racetracks. In 1994, petitioners hosted the Breeders' Cup race, the Breeders' Cup press-reception cocktail party and dinner, and the Breeders' Cup press breakfast. Under petitioners' contract with Breeders' Cup Limited (BCL) they were obligated to conduct certain promotional activities designed to enhance the significance of the Breeders' Cup day of races as a national and international championship event for the sport of racing. Included in these required promotional activities are the Breeders' Cup press-reception cocktail party and dinner and the Breeders' Cup press breakfast.

The 1994 Breeders' Cup press-reception cocktail party and dinner were held at the Galt House Hotel in Louisville, Kentucky,

and sponsored by petitioners. Attendance at the Breeders' Cup press-reception cocktail party and dinner is by invitation only, and the expenses for food, beverages, and entertainment were borne by petitioners. Employees of petitioners were in attendance at the dinner. Attendance at the Breeders' Cup press breakfast is by invitation only, and the expenses for food, beverages, and entertainment were borne by petitioners. Employees of petitioners were also in attendance at the breakfast.

Petitioners have found that the key to their success is their ability to present quality races. Critical to the ability to present quality races is the ability to offer high purse levels to attract the best available horses, trainers, and jockeys.

Petitioners allocated blocks of tickets to the Sport of Kings parties to horsemen, sponsors, staff, city/county VIP's, racing VIP's, racing officials, media representatives, and others. More tickets were allocated to the media than to any other category.

The Kentucky Derby items and amounts in issue are:

|  | Amounts in Issue | |
| --- | --- | --- |
| Item | 1994 | 1995 |
| Sport of Kings Gala | $114,375 | $85,571 |
| Press hospitality tent | -0- | 7,803 |
| Derby winner's party | 17,500 | -0- |
| Total | 131,875 | 93,374 |

collectively referred to as Derby expenses.

The Breeders' Cup items and amounts in issue are:

| Item | Amounts in Issue |
|---|---|
| Breeders' Cup party | $116,000 |
| Post-draw brunch | 21,885 |
| Press breakfast | 7,500 |
| Total | 145,385 |

collectively referred to as Breeders' Cup expenses.

The miscellaneous items and amounts in issue are:

| | Amounts in Issue | |
|---|---|---|
| Item | 1994 | 1995 |
| Kentucky thoroughbred owners' & trainers' dinner | $2,310 | $2,150 |
| Cummings reception | 1,630 | -0- |
| Farewell party | 1,000 | -0- |
| Stakes day buffet | -0- | 13,132 |
| Music theatre - derby eve gala table | -0- | 2,500 |
| U.S. Senate restaurant | -0- | 538 |
| Dinner for twenty-five at $19.36 per person | -0- | 484 |
| Dinner for fifty-five at $20.35 per person | -0- | 1,119 |
| Louisville Chamber of Commerce dinner | -0- | 500 |
| Green Herb cocktail party | -0- | 1,196 |
| Total | 4,940 | 21,619 |

collectively referred to as miscellaneous expenses.


## Discussion

Respondent concedes that all of the expenses at issue meet the requirements for deductions as ordinary and necessary business expenses of petitioner under section 162 for the years in issue. However, respondent argues that these deduction are limited by section 274.

Petitioners argue they are in the entertainment business,

and accordingly, they should not be subject to the restrictions of section 274(n) with respect to expenses they incur in the course of providing that entertainment.  Alternatively, petitioners argue the expenses at issue are excluded from the provisions of section 274 by application of section 274(e), paragraphs (7) and (8), and section 274(n)(2)(A).[3]

Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  Section 274 disallows a deduction in certain instances for expenses which would otherwise be deductible under section 162.  Section 274(a) provides in part:

> SEC. 274(a). Entertainment, Amusement, or Recreation.--
>
> (1) In general.--No deduction otherwise allowable under this chapter shall be allowed for any item--
>
> (A) Activity.--With respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, unless the taxpayer establishes that the item was directly related to, or, in the case of an item directly preceding or following a substantial and bona fide business discussion

---

[3] Sec. 274(n)(2) provides:

Exceptions.--Paragraph (1) shall not apply to any expense if--

> (A) such expense is described in paragraph (2), (3), (4), (7), (8), or (9) of subsection (e).

> (including business meetings at a convention or otherwise), that such item was associated with, the active conduct of the taxpayer's trade or business, * * *

Respondent does not dispute that the expenses at issue are directly related to the active conduct of petitioners' business. There is also no dispute that the events were critical to the success of the Kentucky Derby and the Breeders' Cup. Some of the expenses at issue were required to be provided under the contract between petitioners and BCL.

Respondent argues that the deductions of the expenses at issue are limited by section 274(n). Section 274(n) allows only a portion of entertainment expense to be deducted. That section provides:

> SEC. 274(n). Only 50 Percent of Meal and Entertainment Expenses Allowed as Deduction.--
>
> (1) In general.--The amount allowable as a deduction under this chapter for--
>
>> (A) any expense for food or beverages, and
>>
>> (B) any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such activity,
>
> shall not exceed 50 percent of the amount of such expense or item which would (but for this paragraph) be allowable as a deduction under this chapter.

The Secretary was granted authority to promulgate regulations to carry out the purposes of section 274. See sec. 274(o). Regulations were promulgated to clarify what type of

activity would be considered entertainment.  In pertinent part

they provide:

> Objective test.  An objective test shall be used to
> determine whether an activity is of a type generally
> considered to constitute entertainment.  Thus, if an
> activity is generally considered to be entertainment,
> it will constitute entertainment for purposes of this
> section and section 274(a) regardless of whether the
> expenditure can also be described otherwise, and even
> though the expenditure relates to the taxpayer alone.
> This objective test precludes arguments such as that
> "entertainment" means only entertainment of others or
> that an expenditure for entertainment should be
> characterized as an expenditure for advertising or
> public relations.  However, in applying this test the
> taxpayer's trade or business shall be considered.
> Thus, although attending a theatrical performance would
> generally be considered entertainment, it would not be
> so considered in the case of a professional theater
> critic, attending in his professional capacity.
> Similarly, if a manufacturer of dresses conducts a
> fashion show to introduce his products to a group of
> store buyers, the show would not be generally
> considered to constitute entertainment.  However, if an
> appliance distributor conducts a fashion show for the
> wives of his retailers, the fashion show would be
> generally considered to constitute entertainment. [Sec.
> 1.274-2(b)(1)(ii), Income Tax Regs.]

Petitioners argue that they are in the entertainment

business and that the Derby expenses, Breeders' Cup expenses, and

miscellaneous expenses are all part of their entertainment

product and therefore should be fully deductible.  Petitioners

conduct live horse races, including the Kentucky Derby, at their

facilities.  The races produce revenues through pari-mutuel

wagering (including simulcast pari-mutuel wagering), admissions

and seating, concession commissions, sponsorship revenues,

licensing rights, and broadcast fees.  Petitioners' main source

of revenues is wagers placed on horse races.

In determining whether the expenses in question are entertainment expenses petitioners' trade or business must be considered. We would agree petitioners are in the entertainment business. However, applying the objective test mandated by section 1.274-2(b)(1)(ii), Income Tax Regs., the Derby, Breeders' Cup, and miscellaneous expenses all constitute entertainment expenses and cannot be properly categorized as "part of the entertainment product". Thus the Derby, Breeders' Cup, and miscellaneous expenses are subject to the restrictions imposed by section 274(n)(1) unless they fall within one of the exceptions set out in section 274(n)(2).

Petitioners alternatively argue that the Derby, Breeders' Cup, and miscellaneous expenses are excluded from the operation of section 274(n)(1) by paragraphs (7) and (8) of section 274(e). Those paragraphs provide as follows:

>      (7)  Items available to public.--Expenses for goods, services, and facilities made available by the taxpayer to the general public.

>      (8)  Entertainment sold to customers.--Expenses for goods or services (including the use of facilities) which are sold by the taxpayer in a bona fide transaction for an adequate and full consideration in money or money's worth.

Petitioners provide entertainment to all of the public through their different events. The Kentucky Derby and the Breeders' Cup Championship are open to the general public as are other races during Derby Week and Breeders' Cup week. In

contrast, the events that give rise to the Derby, Breeders' Cup, and miscellaneous expenses are invitation-only events that are attended by selected horsemen, petitioners' employees, media officials, and local dignitaries. They may be entertainment events designed to make the Derby and Breeders' Cup more prestigious events and to heighten public awareness of the upcoming events as petitioners claim. However, we can see no meaningful difference between the expenses at issue here and normal entertainment of selected clients and suppliers, which is limited by section 274(n). The expenses at issue are not expenses for goods, services, and facilities made available by petitioners to the general public. The events at issue provide goods and services to persons petitioner selects to entertain.[4]

---

[4] Sec. 1.274-2(f)(2)(viii), Income Tax Regs., provides useful guidance on the difference between providing goods and services to the general public and providing them to a selected clientele. Those regulations provide:

(viii) Items available to the public. Any expenditure by a taxpayer for entertainment (or for a facility in connection therewith) to the extent the entertainment is made available to the general public is not subject to the limitations on allowability of deductions provided for in paragraphs (a) through (e) of this section. Expenditures for entertainment of the general public by means of television, radio, newspapers and the like, will come within this exception, as will expenditures for distributing samples to the general public. Similarly, expenditures for maintaining private parks, golf courses and similar facilities, to the extent that they are available for public use, will come within this exception. For example, if a corporation maintains a swimming pool

(continued...)

We therefore hold that the Derby, Breeders' Cup, and miscellaneous expenses are not excluded by section 274(e)(7) and (n)(2).

We find no evidence in the record that the Derby, Breeders' Cup, and miscellaneous expenses for goods and services were sold by petitioners in a bona fide transaction for an adequate and full consideration in money or money's worth. Indeed, the record indicates that the expenses were borne by petitioner and goods and services were given without cost to the parties that were entertained. We therefore hold that the Derby, Breeders' Cup, and miscellaneous expenses are not excluded by section 274(e)(8) and(n)(2).[5]

We hold that petitioners' claimed deductions for Derby, Breeders' Cup, and miscellaneous expenses are limited by section 274(n)(1) as determined by respondent. In reaching the

---

[4](...continued)
which it makes available for a period of time each week to children participating in a local public recreational program, the portion of the expense relating to such public use of the pool will come within this exception.

[5] Petitioners place reliance on the treatment afforded a casino that provided comps to selected members of the general public in Priv. Ltr. Rul. 96-41-005 (June 27, 1996). Based on the letter ruling petitioners argue that the Derby, Breeders' Cup, and miscellaneous expenses should be deductible in full. We are unpersuaded that the reasoning used therein is applicable to the present situation. We also note that the precedential value of letter rulings is specified in sec. 6110(k)(3), which provides in pertinent part: "a written determination may not be used or cited as precedent."

holdings in this opinion, we have considered all arguments for contrary holdings, and have rejected all arguments not discussed as without merit or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>